UNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF FLORIDA
CASE NO.:

MYRIAME ST LOUIS,

    Plaintiff,

v.

COHEN MEDICAL ASSOCIATES, LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT

Plaintiff, MYRIAME ST LOUIS ("ST LOUIS" or Plaintiff), by and through her undersigned counsel, hereby files this Complaint against Defendant, COHEN MEDICAL ASSOCIATES, LLC (hereinafter, "CMA" or "Defendant") and says:

## JURISDICTION AND VENUE

1.    This action is brought against Defendant for its unlawful employment practices pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII"), amended by the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. §§ 2000e, *et seq.* and the Florida Civil Rights Act ("FCRA"), Chapter 760, Florida Statutes.

2.    This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the

actions which give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

## PARTIES

5. Plaintiff is a resident of Palm Beach County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a front desk clerk.

6. Plaintiff is a female and is a member of a class protected under the PDA and the FCRA because the terms, conditions, and privileges of her employment were altered because of her sex and/or pregnancy.

7. Defendant is a Florida limited liability company organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Palm Beach County, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

10. Plaintiff filed her charge on or about May 25, 2022, which was no more than 300 days after the last discriminatory event occurred, to wit: January 19, 2022.

11. Plaintiff was issued a Notice of Right to Sue on December 12, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

12. The EEOC did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge, and therefore terminated its processing of said charge.

## GENERAL ALLEGATIONS

13. Plaintiff worked for Defendant as a front desk clerk from November 2021, until her termination on or about January 19, 2022.

14. Plaintiff was hired to work the front desk after her predecessor went out on pregnancy leave and did not return.

15. Defendant informed Plaintiff of the situation regarding her predecessor and made it known how the situation with her predecessor not returning to work and greatly upset the owner, Dr. Cohen and the office manager, Kimberly Harmon ("Harmon").

16. Plaintiff found out approximately one month into her employment that she was pregnant.

17. Plaintiff did not immediately inform Defendant that she was pregnant because she was afraid to inform them of her pregnancy due to the situation with her predecessor not returning to work.

18. Plaintiff did however, reluctantly informed her supervisor Harmon, that she was pregnant a few days after she found out.

19. When she told Harmon about her pregnancy, Plaintiff could tell she was upset by the news.

20. Plaintiff could also tell that the owner, Dr. Cohen, was not happy with the fact that she was pregnant. Every time Dr. Cohen saw Plaintiff in the office, he stopped and stared at Plaintiff's stomach until she walked away which made Plaintiff very uncomfortable.

21. Less than two months after informing Defendant of her pregnancy, Plaintiff was terminated without warning.

22. Defendant had no legitimate, non-discriminatory reason for terminating Plaintiff. However, even if Defendant could proffer a reason for terminating Plaintiff, her sex/pregnancy was, at minimum, a motivating factor in Defendant's decision to terminate Plaintiff's employment.

23. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

24. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

### COUNT I: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (DISCRIMINATION BASED ON PREGNANCY)

25. Plaintiff re-alleges and re-avers paragraphs 1 – 24 as fully set forth herein.

26. Plaintiff brings this action under the PDA, 42 U.S.C. §2000e(k) for damages caused by Defendant's unlawful employment practices against Plaintiff due to her sex/pregnancy.

27. Plaintiff is a member of a protected class at the time the discriminatory actions took place, to wit: a pregnant female.

28. Plaintiff was terminated by Defendant after she became pregnant. The reason proffered for Plaintiff's termination was for alleged misconduct, but other similarly-situated employees were not terminated.

29. Defendant's proffered reason for Plaintiff's termination is pretextual. Defendant never raised any conduct or performance issues with Plaintiff prior to her termination.

30. The action taken by Defendant by and through its managers, and/or agents, were done because of Plaintiff's pregnancy.

31. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's pregnancy was, at minimum, a motivating factor[1] in Defendant's decision for her termination.

32. Plaintiff's termination constituted an adverse employment action under the Title VII of the Civil Rights Act of 1964.

33. Defendant acted with intentional disregard for Plaintiff's rights as a pregnant woman and a person protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its supervisor/owner, and/or other employees.

34. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

35. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the Title VII, amended by the PDA. Defendant, by and through its officers, and/or supervisors, authorized condoned and/or

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims.

ratified the unlawful discriminatory employment practices of its supervisor/owner. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff MYRIAME ST LOUIS requests that:

a) The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b) The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II: VIOLATION OF THE FCRA
## (DISCRIMINATION BASED ON PREGNANCY)

36. Plaintiff re-alleges and re-avers paragraphs 1 – 24 as fully set forth herein.

37. Plaintiff brings this action under the FCRA § 760.01 *et seq.*, for damages caused by Defendant's unlawful employment practices against Plaintiff due to her sex/pregnancy.

38. Plaintiff was a member of a protected class under the FCRA at the time the discriminatory actions took place, to wit: a pregnant female.

39. Plaintiff was terminated by Defendant after she became pregnant. The reason proffered for Plaintiff's termination was for alleged misconduct, but other similarly-situated employees were not terminated.

40. Defendant's proffered reason for Plaintiff's termination is pretextual. Defendant never raised any conduct or performance issues with Plaintiff prior to her termination.

41. The action taken by Defendant by and through its managers, and/or agents, were done because of Plaintiff's pregnancy.

42. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's pregnancy was, at minimum, a motivating factor[2] in Defendant's decision for her termination.

43. Plaintiff's termination constituted an adverse employment action under the FCRA.

44. Defendant acted with intentional disregard for Plaintiff's rights as a pregnant woman and a person protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its supervisor/owner, and/or other employees.

45. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA as a direct result of Defendant's discriminatory actions.

46. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized condoned and/or ratified the unlawful discriminatory employment practices of its supervisor/owner. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff MYRIAME ST LOUIS requests that:

   a) The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's

---

[2] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims.

    discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b) The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff MYRIAME ST LOUIS hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: February 17, 2023.

> LAW OFFICES OF CHARLES EISS, P.L.
> Attorneys for Plaintiff
> 7951 SW 6th Street, Suite 112
> Plantation, Florida 33324
> (954) 914-7890 (Office)
> (855) 423-5298 (Facsimile)
>
> By:  /s/ Charles M. Eiss
> CHARLES M. EISS, Esq.
> Fla. Bar #612073
> chuck@icelawfirm.com
> JORGE GONZALEZ, Esq.
> Fla. Bar #1038146
> jorge@icelawfirm.com